# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

J'KIAH A. THOMAS,          :
        Plaintiff,      :
                       :
    v.               :     C.A. No. 19-15WES
                       :
STATE OF RHODE ISLAND, by and  :
through PATRICIA COYNE-FAGUE,  :
Acting Director of the Department of  :
Corrections; ASHBEL T. WALL (former  :
Director of R.I.D.O.C.); ALIAS JOHN  :
DOE(S), in their official capacities,  :
        Defendants.      :

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff J'kiah Thomas, a prisoner at the Adult Correctional Institutions ("ACI"), acting

*pro se*, has sued the State of Rhode Island, by and through its Director of the Department of

Corrections ("DOC"), Patricia Coyne-Fague, acting in her official capacity.[1] ECF No. 1 ¶ 4

("Compl.").  In this report and recommendation, I address Director Coyne-Fague's Fed. R. Civ.

P. 12(b)(6) motion to dismiss, ECF No. 24, mindful that "[l]ike a battlefield surgeon sorting the

hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable

claims from those doomed by law." Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 567 (D.R.I.

1996).  Rule 12(b)(6) requires a complaint to allege a plausible entitlement to relief that gives the

defendant fair notice of the claim and the grounds on which it rests.  Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007).  The plausibility

---

[1] Plaintiff correctly named Director Coyne-Fague as "Acting Director," which was her title when the Complaint was filed; however, soon thereafter, she was officially confirmed as Director.  That is the title used in this report and recommendation.  The Complaint also named former Director A.T. Wall, in his official capacity.  Compl. ¶ 4. Director Wall is not joined as a defendant because he has not been served.  See ECF No. 13 (summons returned unexecuted as to A.T. Wall).

inquiry requires the court to distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." <u>Morales-Cruz v. Univ. of P.R.</u>, 676 F.3d 220, 224 (1st Cir. 2012).

As required by our Circuit Court, I have read and analyzed Plaintiff's writings with the leniency mandated for any *pro se* filing. <u>Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000).

## I.     BACKGROUND

Plaintiff's Complaint alleges that his constitutional rights under the Eighth Amendment were violated in January 2016, when he participated as a member of the Bloods gang in a brawl inside the ACI between members of the Bloods gang and members of the rival Crips gang. Compl. ¶¶ 6-13. He alleges that, like the other participants, he was punished for the brawl with segregation. <u>Id.</u> ¶¶ 14-15. However, unlike other members of the Bloods gang, unnamed correctional officers placed him in the same segregation unit that also housed members of the Crips gang who were involved in the brawl; a few days later, two of them attacked him while he was taking a shower, resulting in serious injuries. <u>Id.</u> ¶¶ 14, 16-19. When Plaintiff challenged an unnamed DOC representative regarding why he was placed in an area of the ACI also housing members of a rival gang, he claims that individual told him: "it was your job to inform me." <u>Id.</u> ¶ 21.

The Complaint contains an array of conclusory allegations, including that no correctional officer "took reasonable steps to protect the Plaintiff from the objectively unreasonable and conscience shocking cruel and unusual punishment," as well as that "Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and reckless disregard of [Plaintiff's] federally protected rights," and "with shocking and willful indifference to

Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries." Id. ¶¶ 29-31. The pleading does not name any DOC or other state officials (whether by name or other description) who Plaintiff alleges were the actors whose conduct or omission resulted in the claimed constitutional deprivation. Nor does it describe what is the actionable conduct or omission that led to his injuries.

Plaintiff's claim is brought pursuant to 42 U.S.C. § 1983. Id. ¶ 1. He seeks only money damages, including punitive damages, as well as attorneys' fees pursuant to 42 U.S.C. § 1988. Id. at 9.

## II.    MOTION TO DISMISS AND ANALYSIS

Director Coyne-Fague's unopposed motion is based on two discrete arguments.

First, she asks the Court to dismiss the Complaint in accordance with the bedrock principle that § 1983 damages cannot be recovered from a state official sued in her official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Consistent with this principle, this Court has repeatedly dismissed cases seeking § 1983 damages from former Director Wall, when sued in his official capacity. See, e.g., Callahan v. Wall, C.A. No. 16-160 S, 2017 WL 3447895, at *4 (D.R.I. Aug. 11, 2017) (Director Wall dismissed in official capacity from § 1983 case based on Eighth Amendment and seeking money damages); Laporte v. Wall, No. C.A. 03-70 S, 2003 WL 21518757, at *2 (D.R.I. June 12, 2003) ("[P]ursuant to the Supreme Court's ruling in Will, plaintiff's official capacity claims [against Director Wall] cannot be sustained."). Like the pleadings in the cases where Director Wall was dismissed because he was sued in his official capacity for § 1983 money damages, Plaintiff's pleading founders in the face of this well-established legal doctrine. Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991);

see Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").  Because it is clear the only defendant named and joined is Director Coyne-Fague in her official capacity, and the only remedy sought is money damages pursuant to § 1983, this case must be dismissed in its entirety.

Second, Director Coyne-Fague also seeks to dismiss the Complaint because it lacks "a short and plain statement of the claim showing that the pleader is entitled to relief," which is required by Fed. R. Civ. P. 8(a)(2), as well as because it fails to clear the plausibility bar set by the Supreme Court in the now-familiar twins, Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 555.  This argument is also well founded.

As in Iqbal, Plaintiff's pleading describes a brutal attack on a prisoner committed by individuals who are not named in the case.  556 U.S. at 668-69.  Also as in Iqbal, instead of concrete and plausible facts linking the named defendant or any DOC official to the wrongdoing, Plaintiff substitutes conclusory allegations that are not entitled to be assumed true, together with "nothing more than a 'formulaic recitation of the elements' of a . . . claim."  Id. at 681.  The only specific fact alleged is insufficient to give rise to a plausible claim of deliberate and intentional indifference to a substantial risk of serious harm.  Namely, in ¶ 21, Plaintiff claims that, when he asked why he was let out alone with a member of the Crips gang, an unknown individual reminded him that he has to notify prison officials of his gang affiliations and enemies.  Assuming this fact to be true, it fails to permit the inference that either the named prison official (Director Coyne-Fague), or any other DOC employee, had "knowledge that an inmate faces a substantial risk of serious harm and . . . disregard[ed] that risk by failing to take reasonable measures to abate the harm."  Kelley v. Wall, No. C.A.10-233 ML, 2010 WL 5176172, at *2

(D.R.I. Nov. 30, 2010), adopted, 2010 WL 5313296 (D.R.I. Dec. 20, 2010); see Gebo v. Thyng, Civil No. 11-CV-047-JD, 2012 WL 4848883, at *3 (D.N.H. Oct. 11, 2012) ("Deliberate indifference requires that 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"). Thus, as in Iqbal, Plaintiff's pleading lacks facial plausibility because it is devoid of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678.

Because I find that Plaintiff's Complaint "has not 'nudged [his] claim[ ] . . . 'across the line from conceivable to plausible,'" I recommend that it be dismissed. Id. at 680.

## III.    CONCLUSION

Based on the foregoing, I recommend that Plaintiff be afforded leave to amend within thirty days of the Court's adoption of my report and recommendation. See Brown v. Rhode Island, 511 F. App'x 4, 5, 7 (D.R.I. 2013). If Plaintiff opts not to file an amended complaint within that time period, or if his amended complaint fails to cure the deficiencies identified above, I recommend that the case be dismissed for the reasons stated above and Director Coyne-Fague's motion to dismiss (ECF No. 24) be granted.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan

PATRICIA A. SULLIVAN
United States Magistrate Judge
August 19, 2019