UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| J'KIAH A. THOMAS,<br>    Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND, by and through PATRICIA COYNE-FAGUE, Acting Director of the Department of Corrections; ASHBEL T. WALL (former Director of R.I.D.O.C.); ALIAS JOHN DOE(S), in their official capacities,<br>    Defendants. | C.A. No. 19-15WES |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On January 15, 2019, Plaintiff J'kiah Thomas filed a *pro se* complaint against Rhode Island Department of Corrections Director Patricia Coyne-Fague in her official capacity. ECF No. 1. On March 28, 2019, Plaintiff filed a motion for appointment of counsel. ECF No. 8. The Court held the motion until Defendant was served and entered an appearance; her opposition to the motion for counsel was filed on July 31, 2019, on the same day that she filed a motion to dismiss the entire case. ECF Nos. 23, 24. The motion for counsel is now ripe for determination and is denied without prejudice.

There is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). Further, there is no funding mechanism for appointed counsel in civil cases; therefore, the matter is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of

volunteer lawyer services. SAI v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016) (per curiam). "To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23); see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam) ("[A]n indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24. If a plaintiff alleges sufficient facts to state a claim in the complaint, that does not in and of itself require the appointment of counsel. Cookish, 787 F.2d at 2-3; Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983).

Plaintiff argues that counsel should be appointed because of the difficulty for an inmate to prepare for and conduct a trial, particularly one requiring expert medical evidence. While that may be true, at this stage, the circumstances of this case compel the conclusion that it does not present exceptional circumstances that would justify the appointment of counsel. With respect to the merits and complexity of the case, Plaintiff's claim focuses on a single incident and, to that extent, is relatively straightforward. Further, the quality of the Complaint – it is clearly and coherently written and accurately invokes the correct legal standard – strongly suggests that, at least at this stage, Plaintiff is well able to represent himself. Nor do the merits establish this as a case where counsel should be appointed, particularly with my pending recommendation that the Complaint be dismissed for failure to state a claim, subject to Plaintiff filing a viable amended

2

pleading. ECF No. 26. In short, I find no extraordinary circumstances to justify an appointment from the Court's *pro bono* panel at this early stage of the proceedings. Therefore, Plaintiff's motion for appointment of counsel (ECF No. 8) is denied without prejudice to further consideration at a later phase of the case.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 19, 2019