UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| J'KIAH A. THOMAS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-15WES |
| | : | |
| STATE OF RHODE ISLAND, by and | : | |
| through PATRICIA COYNE-FAGUE, | : | |
| Acting Director of the Department of | : | |
| Corrections; ASHBEL T. WALL (former | : | |
| Director of R.I.D.O.C.); ALIAS JOHN | : | |
| DOE(S), in their official capacities, | : | |
|     Defendants. | : | |

**MEMORANDUM AND ORDER WITHDRAWING REPORT AND
RECOMMENDATION AND GRANTING MOTION TO AMEND**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    On August 19, 2019, believing Defendant Patricia Coyne-Fague's motion to dismiss to be unopposed because of the lapse of more than three days since the opposition was due, I issued a report with the recommendation that the case be dismissed for failure to state a claim, provided that Plaintiff be afforded an opportunity to amend his pleading. On the next day, August 20, 2019, the Court received for filing Plaintiff's opposition to the motion to dismiss (ECF No. 28) in which he acknowledges the insufficiency of the pleading but asks for leave to amend. Separately, he filed a motion to amend (ECF No. 29) with a proposed new pleading that adds significant new factual material and that now alleges that each defendant is sued individually, as well as in his or her official capacity. The new pleading may still be insufficient to hold Director Coyne-Fague in the case because government officials may be held liable individually only "on the basis of their own acts or omissions, and not for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Callahan v. Wall, C.A. No. 16-160 S, 2017 WL 3447895, at *4-5 (D.R.I. Aug. 11, 2017) (dismissing claims against Director Wall in his

individual capacity based on lack of allegations of direct involvement in wrong-doing) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  However, it may pass muster as to the John Doe defendant, provided that Plaintiff will have to identify and name him, or risk dismissal.  Disc. Video Ctr., Inc. v. Does 1-29, 285 F.R.D. 161, 163 (D. Mass. 2012) (complaint naming only Does may survive if early discovery under Fed. R. Civ. P. 26(d) is allowed for sole and limited purpose of identifying them sufficiently to name them as defendants and to serve them); see Gilbert v. AFSCME Counsel 31, Case No. 15-cv-00288-MJR, 2015 WL 1598114, at *8 (S.D. Ill. Apr. 9, 2015) ("Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants.").

It is premature for the Court to make that determination as Defendants have not had an opportunity to weigh in.  Accordingly, Plaintiff's motion to amend (ECF No. 29) is granted and the Clerk is directed to file the First Amended Complaint, resetting the time for Defendants to answer, including by way of a new motion to dismiss.  Because it is mooted by the amendment of the complaint, the report and recommendation is withdrawn.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 22, 2019