UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| J'KIAH A. THOMAS,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    C.A. No. 19-15MSM |
| STATE OF RHODE ISLAND, by and<br>through PATRICIA COYNE-FAGUE,<br>Acting Director of the Department of<br>Corrections; ASHBEL T. WALL (former<br>Director of R.I.D.O.C.); ALIAS JOHN<br>DOE(S), in their official capacities,<br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Responding to a report and recommendation[1] (ECF No. 26) based on the insufficiency of his original complaint, *pro se* Plaintiff J'kiah Thomas, a prisoner at the Adult Correctional Institutions ("ACI"), has filed a First Amended Complaint (ECF No. 31, "FAC") against the Director of the Department of Corrections ("DOC"), Patricia Coyne-Fague, acting in her individual and official capacity. By contrast with his first pleading, which named official capacity Does, Plaintiff has now named as defendants "Alias John Doe(s), in their official and individual capacities"; he has also added two new factual allegations: first, that "an ongoing feud between the two gangs [Bloods and Crips] was well-documented at the time of above mentioned incident, in which prison officials were aware," id. ¶ 14; and, second, that "all prison officials were aware of the ongoing feud and recklessly disregarded the excessive risk to Plaintiff Thomas's health and safety," id. ¶ 23. In this report and recommendation, I address Director

---

[1] The first report and recommendation describes Plaintiff's allegations and the case's procedural history; the reader's familiarity with these details is assumed.

Coyne-Fague's second Fed. R. Civ. P. 12(b)(6) motion to dismiss,[2] ECF No. 32, mindful that "[l]ike a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable claims from those doomed by law." Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 567 (D.R.I. 1996). As required by our Circuit Court, I have read and analyzed Plaintiff's writings with the leniency mandated for any *pro se* filing. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

I.    BACKGROUND

The FAC alleges that Plaintiff's constitutional rights under the Eighth Amendment were violated in January 2016, when he participated as a member of the Bloods gang in a brawl inside the ACI between members of the Bloods gang and members of the rival Crips gang. FAC ¶¶ 7-14. Like the other participants, Plaintiff was punished for the brawl with segregation. Id. ¶¶ 15-16. However, unlike other members of the Bloods gang, unnamed correctional officers placed him in the same segregation unit that also housed members of the Crips gang who were involved in the brawl; a few days later, two of them attacked him while he was taking a shower, resulting in serious injuries. Id. ¶¶ 15, 17-20. When Plaintiff challenged an unnamed DOC representative regarding why he was placed in an area of the ACI also housing members of a rival gang, he claims that the individual told him: "it was your job to inform me." Id. ¶ 22. Plaintiff claims that "an ongoing feud between the two gangs [Bloods and Crips] was well-documented at the time of above mentioned incident, in which prison officials were aware," id. ¶ 14; and that "all prison officials were aware of the ongoing feud and recklessly disregarded the excessive risk to Plaintiff Thomas's health and safety." Id. ¶ 23.

---

[2] In addition to reliance on Fed. R. Civ. P. 12(b)(6), Defendants also contend that the case should be dismissed because of a fumble by the United States Marshals Service in getting it properly served; the error was no fault of Plaintiff. As of this writing, Director Coyne-Fague is served and joined without prejudice arising from the delay. I decline to recommend dismissal based on error in service; to that extent, I recommend that the motion be denied.

2

The first report and recommendation cautioned Plaintiff that a pleading that does not name any DOC official (whether by name or other description) whose conduct or omissions resulted in the claimed constitutional deprivation fails to state a claim for money damages under § 1983. ECF No. 26 at 3. Plaintiff was then afforded leave to amend, which he did; however, the FAC continues to suffer from the same deficiencies in that it still does not explain how general knowledge that Crips and Bloods are dangerous rival gangs translates into specific knowledge on the part of any particular DOC official of Plaintiff's danger from placement in the unit where he was attacked.

With respect to Director Coyne-Fague, the FAC remains entirely conclusory, adding only the allegation that she is now sued individually. Otherwise it relies on the conclusory allegations that no correctional officer "took reasonable steps to protect the Plaintiff from the objectively unreasonable and conscience shocking cruel and unusual punishment," FAC ¶ 30, as well as that "all prison officials were aware of the ongoing feud and recklessly disregarded the excessive risk to Plaintiff Thomas's health and safety," id. ¶ 23, and "Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and reckless disregard of [Plaintiff's] federally protected rights," id. ¶ 31, and "with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional distress," id. ¶ 32. As to the "John Doe(s)" now also named individually, the FAC still does not describe any specific official (whether by title or other description) whom Plaintiff alleges were the actors whose conduct or omission resulted in the claimed constitutional deprivation.

As before, Plaintiff's claim is brought pursuant to 42 U.S.C. § 1983. Id. ¶ 1. He still seeks only money damages, including punitive damages, as well as attorneys' fees pursuant to 42 U.S.C. § 1988. Id. at 11-12.

## II. STANDARD OF REVIEW

To avoid a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief that gives the defendant fair notice of the claim and the grounds on which it rests. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007). The plausibility inquiry requires the court to distinguish "the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). This two-pronged approach begins by identifying and disregarding statements in the complaint that merely offer "'legal conclusion[s] couched as . . . fact[ ]'" or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Factual allegations that appear to be internally inconsistent with other well-pled factual allegations must also be set aside. Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 449 (E.D. Va. 2009), aff'd, 382 F. App'x 256 (4th Cir. 2010). The Court must then determine whether the well-pled facts, taken as true, are sufficient to support "the reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678). In doing so, the complaint should be read holistically with a heavy dose of common sense. Rodriguez-Vives v. P.R. Firefighters Corps of P.R., 743 F.3d 278, 283-84 (1st Cir. 2014).

## III. LAW AND ANALYSIS

Director Coyne-Fague's unopposed motion rests on two discrete arguments. First, because the FAC still does not ask for an injunction, all official capacity claims against her must be summarily dismissal in accordance with the bedrock principle that § 1983 damages cannot be recovered from a state official sued in her official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); see, e.g., Callahan v. Wall, C.A. No. 16-160 S, 2017 WL 3447895, at *4 (D.R.I. Aug. 11, 2017) (Director Wall dismissed in official capacity from § 1983 case based on Eighth Amendment and seeking money damages). Second, she contends that the assertion of the same claims against her in her individual capacity is unavailing because the FAC still lacks any facts linking her to the constitutional deprivation in issue. That is, the FAC is insufficient to permit the plausible inference that Director Coyne-Fague had "knowledge that an inmate faces a substantial risk of serious harm and . . . disregard[ed] that risk by failing to take reasonable measures to abate the harm." Kelley v. Wall, No. C.A.10-233 ML, 2010 WL 5176172, at *2 (D.R.I. Nov. 30, 2010), adopted, 2010 WL 5313296 (D.R.I. Dec. 20, 2010); see Gebo v. Thyng, Civil No. 11-CV-047-JD, 2012 WL 4848883, at *3 (D.N.H. Oct. 11, 2012) ("Deliberate indifference requires that 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'").

These arguments are well-founded. The first report and recommendation stated that all individual capacity claims against Director Coyne-Fague would be dismissed because they lacked a factually grounded connection between the constitutional deprivation and an action or omission by Director Coyne-Fague. Despite this guidance, the FAC added nothing. Conroy v.

Dingle, No. CIV.01-1626 (RHK/RLE., 2002 WL 31357055, at *3 (D. Minn. Oct. 11, 2002) (when "only connection to the incident appears to be that [s]he is the warden of the prison," the pleading against warden lacks sufficient allegations to demonstrate knowledge necessary for deliberate indifference); see Callahan, 2017 WL 3447895, at *4 (dismissing individual capacity claims against ACI Director based on absence of factual connection). Accordingly, I recommend that, as to Director Coyne-Fague (the only defendant who is served and joined), the FAC must be dismissed for failure to state a claim.

What remains are the "John Doe(s)." With Director Coyne-Fague out of the case, the FAC fails entirely unless it states a plausible claim against at least one of them. If it does, the other problem is that the unknown person has not been served and is not yet joined in the case.

The applicable law may be briefly summarized. Not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). For a complaint based on a prisoner's placement in an area where he is attacked by another inmate to be plausible, it must allege not only a substantial risk of serious harm, but also facts sufficient to permit the inference that a "prison official . . . [had a] state of mind . . . of 'deliberate indifference' to inmate health or safety." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). The claims against each defendant must be analyzed individually. "Absent evidence of participation, concerted action, or at least culpable knowledge, one officer cannot be held jointly liable under section 1983 for another officer's [unconstitutional conduct]." Calvi v. Knox Cty., 470 F.3d 422, 429 (1st Cir. 2006). The focus is on what the jailers knew and what they did in response. Burrell v. Hampshire Cty., 307 F.3d 1, 8 (1st Cir. 2002). For example, in King v. Dep't of Corr., Civil Action No. 15-CV-14256-ADB, 2016 WL 7175592 (D. Mass. Dec. 8,

2016), the court found that the complaint was sufficient because it alleged that specific officials responsible for gang security and for the plaintiff's placement actually knew that he was a "confirmed" gang member, that the prisoners in the neighboring cells were "confirmed" members of a rival, opposing gang, that the rival gang members would "attack on sight," and that the plaintiff should not have been placed in that cell. Id. at *5-6.

If a claimant does not know the names of the officials who were responsible for the constitutional deprivation, he may file a complaint with as specific a description as he is able to provide of each, as well as a focused description of the actions and omissions based on which each unknown official is named. Murphy v. Baker, Civil Action No. 17-30021-MGM, 2019 WL 1437825, at *3-5 & n.3 (D. Mass. Mar. 29, 2019) (sustaining as viable claims against two unknown correctional officers who allegedly took specific actions, but dismissing those generically named as John Doe). In such a circumstance, courts should be lenient, recognizing that "these defendants possess information that is otherwise beyond Plaintiff's reach but is necessary to prove his claims, specifically what knowledge and authority each individual defendant possessed during the period Plaintiff was incarcerated at the Jail." Id. at *4. But, if there are no specific allegations against the John Does, they are not proper defendants in the case. Marella v. Terhune, Case No. 03CV0660-BEN (AJB), 2005 WL 8160129, at *3 (S.D. Cal. Feb. 7, 2005); see Gonzalez v. Dooling, 98 F. Supp. 3d 135, 141 n.9 (D. Mass. 2015) (John Does 1-5 dismissed "[a]s discovery is now complete, [and] it is clear that there are no further John Does whose identities remain to be uncovered"). If Plaintiff is able to provide a plausible factual foundation for a viable claim against a specific official whose name he does not know, limited discovery may be permitted to ascertain the name of that official and to complete service on him. Disc. Video Ctr., Inc. v. Does 1-29, 285 F.R.D. 161, 163 (D. Mass. 2012) (complaint naming

only Does may survive if early discovery under Fed. R. Civ. P. 26(d) is allowed for sole and limited purpose of identifying them sufficiently to name them as defendants and to serve them); see Gilbert v. AFSCME Counsel 31, Case No. 15-cv-00288-MJR, 2015 WL 1598114, at *8 (S.D. Ill. Apr. 9, 2015) ("Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants."); Reed v. Doe, No. 9:11-CV-250, 2015 WL 902795, at *6 (N.D.N.Y. Mar. 3, 2015) (dismissing claims against John Doe 1 because, after plaintiff was "afforded a reasonable opportunity to engage in discovery calculated to lead to the identity of defendant John Doe 1," he did nothing). Importantly, the obligation of a plaintiff to serve a defendant within Fed. R. Civ. P. 4(m)'s 120-day period requires that Doe defendants be identified and served in that period, though it may be extended by the court. Corporacion de Residents de la Calle Carrion Court v. Sanchez-Ramos, Civil No. 08-1889 (JP), 2009 WL 453422, at *1-2 (D.P.R. Feb. 23, 2009).

As of now, the FAC has no plausible facts linking any specific unknown DOC official to the wrongdoing.[3] Instead, Plaintiff relies on conclusory allegations that are not entitled to be taken as true, together with "nothing more than a 'formulaic recitation of the elements' of a . . . claim." Iqbal, 556 U.S. at 681. The only specific facts are still insufficient to give rise to a plausible claim of deliberate and intentional indifference to a substantial risk of serious harm by any specific individual whether the name is known to Plaintiff or not. Thus, even as to the John Does, Plaintiff's pleading still lacks facial plausibility because it is devoid of "factual content that allows the court to draw the reasonable inference that the [unnamed] defendant is liable for

---

[3] The only DOC official who is specifically mentioned is described as not possessing knowledge of the danger to Plaintiff; this is the officer who told Plaintiff, "it was your job to inform me." FAC ¶ 22.

the misconduct alleged." Id. at 678.  Because I find that Plaintiff's FAC still "has not 'nudged [his] claim[ ] . . . across the line from conceivable to plausible,'" id. at 680, I recommend that it be dismissed, albeit with leave to amend as to the John Doe Defendants.

## IV.    CONCLUSION

Based on the foregoing, I recommend that Director Coyne-Fague's motion (ECF No. 32) to dismiss all claims against her be granted.  As to the John Doe Defendants, although Plaintiff has already been afforded an opportunity to amend as required by Brown v. Rhode Island, 511 F. App'x 4, 5-7 (1st Cir. 2013), I recommend that he be given one more chance: within thirty days of the Court's adoption of this report and recommendation, Plaintiff must file an amended complaint that names or specifically describes defendants with facts sufficient to permit the plausible inference of the requisite link to Plaintiff's claim, or the case will be summarily dismissed.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 16, 2019